**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Lori Newton**                                                                 Case No.  **16-60467**

                              Debtor(s)                                                            Chapter 13 Proceeding

☒ *AMENDED*    ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

> *Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*
>
> *Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

## Plan Summary

A.  The Debtor's Plan Payment will be _____**Variable Payments**_____, paid by  ☐ Pay Order or ☒ Direct Pay for _____**60 months**_____. The gross amount to be paid into the plan is _____**$27,240.00**_____.

B.  The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **16%** of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C.  The value of the Debtor's non-exempt assets is _____**$0.00**_____.

D.  If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☒ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☐ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Lori Newton**                                               Case No.  **16-60467**

                            Debtor(s)                                              Chapter 13 Proceeding

☑ *AMENDED*     ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 1*

## II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| Bridgecrest<br>2007 Dodge Nitro | $105.00 | |

## III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Rancier Realty | Residential Lease | Assumed | No |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

## IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Lori Newton**                                                               Case No.  **16-60467**

Debtor(s)                                                                              Chapter 13 Proceeding

☑ *AMENDED*        ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 2*

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____  ."

_____                    _____
Debtor                                                                                  Joint Debtor

### V.  Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided.  If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions.  Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date.  If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.  (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
|  |  |  |

### VI.  Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.**  Debtor(s) shall pay the following creditors directly.  Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly.  Minors should be identified by their initials only.  If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth.  Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
|  |  |  |  |

**B.**  Debtor surrenders the following collateral.  Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| Security Nat Auto Acce | 2011 Chevy Malibu |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Lori Newton**  Case No. **16-60467**

Debtor(s)  Chapter 13 Proceeding

☑ *AMENDED*   ☐ *MODIFIED*
DEBTOR(S)' CHAPTER 13 PLAN
AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums received. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Davis Law Firm | $3,300.00 | Along With | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| | | | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Bridgecrest 2007 Dodge Nitro | $17,744.00 | $8,300.00 | Pro-Rata | 5.25% | $20,220.00 | Pay claim amount |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately ___**16%**___ of their allowed claims.

Form 11/7/05   *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Lori Newton**                                Case No. **16-60467**

Debtor(s)                                  Chapter 13 Proceeding

☑ ***AMENDED***      ☐ ***MODIFIED***
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 4*

---

**Totals:**

| | |
|---|---|
| Administrative Claims | **$3,300.00** |
| Priority Claims | **$0.00** |
| Arrearage Claims | **$0.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$17,744.00** |
| Unsecured Claims | **$6,075.31** |

### VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:
**None**

Respectfully submitted this date: __**9/14/2016**_____.

                                                        **/s/ Evan Simpson**
                                                        Evan Simpson
                                                        3925 A S. Jack Kultgen Fwy.
                                                        Waco, TX 76706
                                                        Phone: (254) 399-9977 / Fax: (254) 399-9909
                                                        (Attorney for Debtor)

**/s/ Lori Newton**
Lori Newton
904 Sissom Rd Apt 4
Killeen, TX 76541
(Debtor)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE:  **Lori Newton**　　　　　　　　　　　　　　　　　　　　CASE NO  **16-60467**

　　　　　*Debtor(s)*　　　　　　　　　　　　　　　　　　　　　CHAPTER  **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| Month | Payment | Month | Payment | Month | Payment |
|---|---|---|---|---|---|
| 1 | $150.00 | 21 | $470.00 | 41 | $470.00 |
| 2 | $150.00 | 22 | $470.00 | 42 | $470.00 |
| 3 | $150.00 | 23 | $470.00 | 43 | $470.00 |
| 4 | $470.00 | 24 | $470.00 | 44 | $470.00 |
| 5 | $470.00 | 25 | $470.00 | 45 | $470.00 |
| 6 | $470.00 | 26 | $470.00 | 46 | $470.00 |
| 7 | $470.00 | 27 | $470.00 | 47 | $470.00 |
| 8 | $470.00 | 28 | $470.00 | 48 | $470.00 |
| 9 | $470.00 | 29 | $470.00 | 49 | $470.00 |
| 10 | $470.00 | 30 | $470.00 | 50 | $470.00 |
| 11 | $470.00 | 31 | $470.00 | 51 | $470.00 |
| 12 | $470.00 | 32 | $470.00 | 52 | $470.00 |
| 13 | $470.00 | 33 | $470.00 | 53 | $470.00 |
| 14 | $470.00 | 34 | $470.00 | 54 | $470.00 |
| 15 | $470.00 | 35 | $470.00 | 55 | $470.00 |
| 16 | $470.00 | 36 | $470.00 | 56 | $470.00 |
| 17 | $470.00 | 37 | $470.00 | 57 | $470.00 |
| 18 | $470.00 | 38 | $470.00 | 58 | $470.00 |
| 19 | $470.00 | 39 | $470.00 | 59 | $470.00 |
| 20 | $470.00 | 40 | $470.00 | 60 | $470.00 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

IN RE: **Lori Newton**     CASE NO. **16-60467**
*Debtor*

    CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 14, 2016, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Evan Simpson**
Evan Simpson
Bar ID:24060612
Davis Law Firm
3925 A S. Jack Kultgen Fwy.
Waco, TX 76706
(254) 399-9977

| | | |
|---|---|---|
| American Infosource Lp As Agent for<br>xxxx-xxxx-xxxx-8314<br>Capital One Bank (USA), NA<br>PO Box 71083<br>Charlotte, NC 28272 | Lori Newton<br>904 Sissom Rd Apt 4<br>Killeen, TX 76541 | Ray Hendren<br>3410 Far West Blvd. #200<br>Austin, TX 78731 |
| Bridgecrest<br>xxxxxxxx4101<br>7300 E Hampton Ave<br>Mesa, AZ 85209 | Military Star/AAFES<br>xxxxxxxxxxxx9778<br>AAFES<br>PO Box 650060<br>Dallas, TX 75265 | Security Nat Auto Acce<br>xxxxxxxxxxxx0001<br>6951 Cintas Blvd<br>Mason, OH 45040 |
| Crdt Bureau<br>xxx9000<br>123 W. 7th<br>Stillwater, OK 74074 | Montgomery Ward<br>xxxxxxxxx229O<br>1112 7th Ave<br>Monroe, WI 53566 | Seventh Avenue<br>xxxxxxxxx257O<br>1112 7th Ave<br>Monroe, WI 53566 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Pssf Inc<br>xxx0264<br>PO Box 10487<br>Kansas City, MO 64171 | Sprint Corp<br>Attn: Bankruptcy Dept<br>PO Box 7949<br>Overland Park, KS 66207-0949 |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

IN RE: **Lori Newton**  CASE NO. **16-60467**
*Debtor*

CHAPTER **13**

*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #1)

USA Discounters Credit
xxxxxxx5150
PO Box 41007
Norfolk, VA 23541-1007